

FILED
2007 Jan-31  PM 04:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** | ) ) ) | |
| Plaintiff, | ) ) | Civil Action Number |
| vs. | ) ) ) | 7:06-cv-04924-UWC |
| **BETTY SUE INGLE and WILMA J. HALL,** | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

The present interpleader action was initiated by Metropolitan Life Insurance Company ("MetLife") against Defendants Betty Sue Ingle and Wilma J. Hall.  Both Defendants are named as beneficiaries to an employer sponsored life insurance policy that was held by decedent Lee. H. Hall.  Both beneficiaries have made claims to the full amount of insurance proceeds.  However, neither have initiated any legal proceedings.  MetLife asks this Court to determine which beneficiary is entitled to the proceeds.  Until that determination is made, MetLife: 1) seeks to deposit the insurance proceeds with the Court; and 2) seeks to enjoin the beneficiaries from initiating legal proceedings against MetLife, the benefit plan, and the decedent's employer.

The Court finds that this action is due to be dismissed for lack of subject matter

jurisdiction.

According to MetLife, this Court has jurisdiction over this action pursuant to the Federal Interpleader Act. (28 U.S.C. § 1335; Compl. ¶ 6.) Under the Interpleader Act, district courts have original jurisdiction of any civil action of interpleader when:

>   (1)   the money or property at stake amounts to the value of $500 or more; and
>
>   (2)   two or more adverse claimants of diverse citizenship are claiming or may claim to be entitled to such money or property.

28 U.S.C. § 1335(a). While the $500 amount in controversy requirement is satisfied here, the diversity requirement is not satisfied because MetLife is a citizen of New York, while Betty Sue Ingle and Wilma J. Hall are both citizens of Alabama. (Compl. ¶¶ 1-3); *see Commercial Union Ins. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993) (noting that the claimant-defendants must be diverse).

Next, the Complaint alleges that this Court has jurisdiction over this action pursuant to Federal Rule of Civil Procedure 22. (Compl. ¶ 5.) However, this "rule interpleader" provision does not provide a basis for independent federal jurisdiction; either the diversity of citizenship requirement or the federal question requirement must be met before the Court has subject matter jurisdiction over a Rule 22 interpleader claim.

In the present action, neither diversity jurisdiction or federal question jurisdiction exists. Diversity jurisdiction is not satisfied because the amount in controversy does not

clearly exceed $75,000.  (*See* Compl. ¶ 20) ("MetLife is ready, willing and able to pay the total benefit amount of approximately $73,800 (plus applicable interest, if any).")

According to MetLife, the Employee Retirement Income Security Act ("ERISA") provides the basis for federal question jurisdiction in the present action.  *See* 29 U.S.C. § 1132(e)(1).  As an initial matter, MetLife is correct that federal district courts have exclusive jurisdiction of civil actions under ERISA.  29 U.S.C. § 1132(e)(1).  However, this Court's inquiry does not end there.  This Court must next determine whether the present lawsuit is the type of civil action authorized by ERISA.

Pursuant to ERISA, a "participant, beneficiary, or fiduciary" may bring a civil action:

> 1) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan; or
>
> 2) to obtain other appropriate equitable relief
>
>   (a) to redress such violations or;
>
>   (b) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3).  Without additional facts, this Court cannot determine whether MetLife qualifies as a "fiduciary" under ERISA.  *See Baker v. Big Star Div. of the Grand Union Co.*, 893 F.2d 288 (11th Cir. 1990) (explaining that an ERISA fiduciary has "authority to control and manage the operation and administration of the plain"); *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1277 (11th Cir. 2005) (noting that

fiduciary status under ERISA must be determined "with respect to the particular activity at issue").

But assuming, without deciding, that MetLife is a fiduciary, this Court must then determine whether MetLife seeks "to enjoin any act or practice" that violates ERISA or whether MetLife seeks "to obtain other appropriate equitable relief." 29 U.S.C. § 1132(a)(3). It is clear from the complaint that Metlife does not seek to enjoin any action or practice that actually <u>violates</u> ERISA.

Therefore, the next inquiry is whether MetLife seeks "to obtain other appropriate equitable relief." *See id.* "Though the device of interpleader initially developed in the common law courts, it later developed some historical association with the courts of equity." *See* 7 Charles Alan Wright & Arthur R. Miller*, Federal Practice and Procedure*, § 1701 (2d ed. 1986), *cited in Woods v. Twyman*, No. 93 C 6373, 1993 WL 462849, at *1 (N.D. Ill. Nov. 9, 1993). "Despite this history, modern teachings indicate that the use of . . . interpleader . . . does not make an action inherently equitable or legal." 7 *Federal Practice and Procedure*, § 1701, *cited in Woods*, 1993 WL 462849, at *1.

To determine whether the interpleader action here is legal or equitable, the analysis employed by the Eleventh Circuit Court of Appeals in *Gulf Life Insurance Company v. Arnold*, 809 F.2d 1520 (11th Cir. 1987), is instructive. *Gulf Life* involved a claim by a former employee for "severance" benefits. *Id*. at 1522. Believing the employee was not entitled to benefits, Gulf Life never actually denied the claim. Rather, in an attempt to

preempt legal action by the former employee, Gulf Life brought suit in federal court seeking a declaration of its liability. *Gulf Life*, 809 F.2d at 1522. The Eleventh Circuit held that Gulf Life's declaratory judgment action did not constitute a suit to obtain equitable relief under ERISA. *Id*. at 1524.

The Court first noted that declaratory judgment actions are neither inherently legal or equitable in nature. *Id*. at 1523 (citations omitted). Thus, to determine if a particular declaratory judgment action is legal or equitable, courts have "examined the basic nature of the issues involved to determine how [those issues] would have arisen" in the absence of the declaratory judgment statute. *Id*. (citations omitted). Looking at the issues involved in *Gulf Life*, the Court determined that the dispute was legal in nature: the "only way th[e] action could have arisen is a suit by [the former employee] to collect the severance pay he clams he [was] due-a legal, not equitable action." *Id*. at 1523.

Applying the *Gulf Life* analysis, the present action could have only arisen as a suit by Defendants to collect the proceeds they claim are due. As such, the present action is legal, not equitable in nature.

Even if the present action were equitable, it would not satisfy the civil action provision under ERISA, which requires that suits "to obtain or other appropriate equitable relief" be brought to:

(a) to redress violations of the statute or;

(b) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3).  There is nothing in the complaint which might indicate that the present action was brought to "enforce" a provision of ERISA or "enforce" the terms of the plan.  As the Eleventh Circuit noted in *Gulf Life*, all that is necessary to enforce the terms of the plan is to

> deny payment.  Moreover, an action "to enforce" means an action to compel someone to do something or not to do something, such as make contributions, that ERISA or the plain requires be done or not done.  Gulf Life's action is defensive in nature . . . . .

809 F.2d at 1523 (citations omitted).  Similarly, the present action is defensive as well.

Such defensive actions essentially seek clarification regarding the rights of participants or beneficiaries.  However,  ERISA explicitly permits only "participants and beneficiaries" to bring suits that "clarify" rights.  *See* 29 U.S.C. § 1132(a)(1)(B); *Gulf Life*, 809 F.2d at 1524.  Inasmuch as "fiduciaries are omitted as parties that can bring such an action" the present lawsuit is not appropriate under ERISA.  *Id*. at 1524; *see Woods v. Twyman*, No. 93 C 6373, 1993 WL 462849, at *2 (N.D. Ill. Nov. 9, 1993) (finding that an interpleader action "brought by a fiduciary solely to clarify its obligations to pay benefits under the plan is not one seeking to enforce the terms of the plan.")

Accordingly, by separate order, this action with be dismissed without prejudice.

Done this 31st day of January, 2007.

_____
U.W. Clemon
United States District Judge